# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-02-00728-CR

**Arnold Smith, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
NO. 006625, HONORABLE MICHAEL J. McCORMICK, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Arnold Smith was convicted of the offenses of aggravated robbery and aggravated kidnapping for robbing a convenience store with a knife and threatening and kidnapping the clerk on duty at the store. He contends that the prosecutor made an impermissible personal attack against the defense counsel in closing argument by saying that counsel would "try to muddy the waters a little bit." He further contends that although his attorney did not pursue any relief beyond the initial objection, the argument is so prejudicial that a motion to disregard would not cure the harm and therefore he has not waived error. Because appellant waived error and, in any event, the statement is not harmful, we affirm the judgment of the district court.

## BACKGROUND

This case arose from an incident at an Austin convenience store on the evening of September 5, 2000. Complainant, six months pregnant at the time, accepted an offer from another employee, Amber Forrester, to help stock the shelves. While the two were working, a man entered the store, placed a knife to the complainant's throat, and demanded money. The man took the complainant to the back office and duct-taped her arms together. She testified that the man threatened to cut her baby out of her stomach and that she was terrified during the attack. The assailant then removed the videotapes from the security camera system and placed them in a trash bag, along with money orders, lottery tickets, and money from the cash register. He asked the complainant if she owned a car parked outside, and she told him that it was Forrester's. He asked Forrester to pull the car up in front of the store, then he put the complainant into the back seat of the car. The three left with Forrester driving, and eventually they stopped at an abandoned duplex where the man left the complainant alone in an upstairs bedroom. She managed to free herself from the tape and escape through a window to a nearby house, where she called the police.

At trial, appellant admitted that he was the man in the store but claimed that he believed that the complainant was a participant in the robbery. He testified that Forrester and several other people had met with him to plan the robbery. Appellant's role was to "play act" as a robber to avoid implicating Forrester or the complainant as co-conspirators. He claimed that he had only pretended to threaten complainant and that he did not believe she was actually afraid.

During the closing argument, the prosecutor made the following comments that are the subject of this appeal:

2

| | |
|---|---|
| [PROSECUTOR]: | Likewise she never expressed her assent to the kidnapping. And even the defendant conceded that she never expressed her consent to him to be kidnapped or assaulted, and that it was never apparent to him. I anticipate that [defense counsel] will come up and try to muddy the waters a little bit. |
| [DEFENSE COUNSEL]: | Your Honor, I object to that, that the defendant showed to counsel. |
| [THE COURT]: | Sustained. Limit your argument. |
| [PROSECUTOR]: | Sorry, Your Honor. I anticipate the defense will talk about other people besides the defendant . . . . |

Appellant contends, based on this portion of the record, that the prosecutor committed reversible error by stating that the defense counsel would "try to muddy the waters a little bit."

**ANALYSIS**

Appellant concedes that his counsel did not request further relief after the district court sustained his objection. He nevertheless asserts that although there is a general rule that a failure to seek an instruction to disregard a comment waives any error, he may seek a new trial because this case falls into an exception that arises when the argument is so prejudicial that a motion to disregard would not cure the harm. We disagree. Although appellant's counsel objected to the jury argument, he failed to pursue the objection to an adverse ruling, thus forfeiting his right to complain about the argument on appeal. *See Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Even if the error was such that it could not be cured by an instruction to disregard, appellant is required to object and request a mistrial. *Mathis v. State*, 67 S.W.3d 918, 927 (Tex. Crim. App. 2002).

3

Even if we assume error was not waived, the error was harmless. Under the three-part harm test for improper jury argument, *see Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998), we consider three factors: (1) severity of the misconduct (the magnitude of the prejudicial effect of the prosecutor's remarks); (2) measures adopted to cure the misconduct (the efficacy of any cautionary instruction by the judge); and (3) the certainty of conviction absent the misconduct (the strength of the evidence supporting the conviction). *Id.*

As to the first factor, the prejudicial effect in this case is minor. In *Mosley*, the prosecutor stated in closing argument that the defense counsel "has attempted to get you off the main road, to divert you" and that the counsel wanted the jury "to take a side road, a series of side roads, rabbit trails, and a rabbit trail that will lead you to a dead-end." *Id.* at 258. The court held that the statements did not inject new facts into the record and were not severe because, at most, the statements conveyed that the defense counsel may attempt to distort the jury's view of the evidence through clever argument. *Id.* at 260. The court noted that the comments could even backfire if the jury disagreed with the prosecutor's assessment of the defense. *Id.* The comments in this case are similar. The suggestion that the defense counsel "will come up and try to muddy the waters a little bit" is similar to the comments in *Mosley* in that the comment suggests clever argument rather than dishonesty.

The second factor considers the measures taken to cure the error. In *Mosley*, the trial judge overruled defense counsel's objection to the comments, and the Court of Criminal Appeals held that this factor weighed in favor of the defendant. *Id.* Here, the judge sustained the defense counsel's objection and ordered the prosecutor to limit his argument. In response, the prosecutor

4

clarified his argument to make it clear that he was addressing the relevancy of the other alleged members of the conspiracy to rob the store. The defense counsel requested no further efforts to cure the error, and we find that the intervention by the judge was adequate to prevent any prejudice before the jury.

Finally, the third factor assesses the strength of the evidence and questions the likelihood of conviction had the error not occurred. In this case, appellant conceded participation in the robbery. As his defense, he relied primarily on the claim that he was merely acting and was unaware that the complainant was actually afraid. There was no evidence beyond appellant's testimony that suggested he believed that the complainant had consented to the assault and kidnapping. The prosecutor presented a videotape of the assault from the store security camera to allow the jury to evaluate whether they believed appellant was acting. In addition, the complainant testified at length concerning the events at issue. For example, she testified that when she was at the vacant duplex, she told appellant that she could not breathe because of the duct tape on her mouth; appellant responded to her that if he took off the tape she would start screaming and people would hear. The jury was entitled to evaluate complainant's demeanor and to assess her credibility.

The testimony by the complainant that appellant kept her duct-taped even after he was away from the store security cameras and that he abandoned her alone and restrained in a duplex is strong evidence that appellant was not merely acting for the benefit of the cameras. Given the strength of the case and the nature of the comments, we find that the error is harmless under the *Mosley* test. *Id.* at 259.

5

## CONCLUSION

We overrule appellant's point of error and affirm the judgment of the district court.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed:   November 13, 2003

Do Not Publish